IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| PASSIONS VIDEO, INC., a Missouri Corporation and GALA ENTERTAINMENT OF KC, INC, a Missouri Corporation, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 04-0760-CV-W-GAF |
| JAY NIXON, Attorney General of the State of Missouri, in his official capacity, | ) ) ) ) | |
| Defendant. | ) ) | |

## ORDER

Presently before the Court are Defendant's motion summary judgment (Doc. 33) and Plaintiffs' motion for summary judgment (Doc. 35). Plaintiffs brought this action seeking a temporary restraining order, preliminary injunction, and permanent injunction enjoining the enforcement of Missouri Revised Statute § 226.531. Section 226.531 became effective on August 28, 2004 and regulates the ability of adult cabarets and sexually oriented businesses to advertise outdoors by means of billboards and exterior signs. Plaintiffs are adult oriented businesses impacted by Section 226.531. For the following reasons and for the reasons set forth in this Court's order denying Plaintiffs' motion for temporary restraining order and preliminary injunction, Plaintiffs' motion for summary judgment is DENIED and Defendant's motion for summary judgment is GRANTED.

1

Rule 56(c) of the Federal Rules of Civil Procedure, provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). If there is no genuine issue about any material fact, summary judgment is proper because it avoids needless and costly litigation and promotes judicial efficiency. Roberts v. Browning, 610 F.2d 528, 531 (8th Cir. 1979); United States v. Porter, 581 F.2d 698, 703 (8th Cir. 1978). The summary judgment procedure is not a "disfavored procedural shortcut." Rather, it is "an integral part of the Federal Rules as a whole." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); see also City of Mt. Pleasant v. Associated Elec. Coop., Inc., 838 F.2d 268, 273 (8th Cir. 1988). As a result, summary judgment is appropriate when the evidence, viewed in the light most favorable to the non-moving party, demonstrates that the is no genuine issue of material fact and, therefore, the movant is entitled to judgment as a matter of law. Wigg v. Sioux Falls School Dist., 382 F.3d 807, 812 (8th Cir. 2004).

The facts upon which these motions rest are not controverted by either party. Indeed, the facts material to the resolution of matters at issue in this case were agreed to by the parties in the joint stipulations of fact (Docs. 23 & 24) submitted to the Court for consideration of Plaintiffs' motion for temporary restraining order and preliminary injunction. Plaintiffs have alleged that Section 226.531 infringes upon their constitutionally protected right to freedom of speech, violates their rights under the Equal Protection Clause of the Constitution, and is an unconstitutional taking of private property without just compensation. Based upon a joint stipulation of facts submitted by the parties, this Court entered an amended order (Doc. 30)

denying Plaintiff's motion for temporary restraining order and preliminary injunction. The relevant facts were recounted by the Court in that order and are incorporated here by reference.

These motions for summary judgment do not raise any new material facts that were not before the Court for consideration of the motion for temporary restraining order and preliminary injunction. Even when the facts are taken in the light most favorable to the Plaintiffs, they are unable to demonstrate a material issue of fact for trial. In its previous order, this Court engaged in a lengthy discussion regarding all of the issues that are the subject of these motion for summary judgment. Specifically, this Court concluded that Section 226.531 was not an "unconstitutional infringement of plaintiff's First Amendment rights." (Doc. 30 at p. 8). In so doing, the Court engaged in a comprehensive analysis and made extensive findings of fact with regard to constitutionality of Section 226.531 under the test for the regulation of commercial free speech as set forth by the Supreme Court in Central Hudson Gas & Electric Corp. v. Public Service Comm'n, 447 U.S. 557, 563 (1980).

The Plaintiffs now argue that the Central Hudson Test is inapplicable because, in their estimation, Section 226.531 does not purport to regulate commercial speech, but, indeed, addresses content based speech. As such, Plaintiffs' argue that Section 226.531 is a facially unconstitutional regulation of speech. This Court has already expressly rejected this argument. (Doc. 30 at p. 3 n. 1). In applying the Central Hudson Test and denying the Plaintiffs' motion for a temporary restraining order and preliminary injunction, the Court concluded that "the plain language of the statute reflects that it poses no prohibition on political speech as long as there is not a commercial component to that speech." Id.

The Plaintiffs, however, are adamant that Section 226.531 should be subject to a higher scrutiny. As support for this position, the Plaintiffs direct the Court to a case from the Eleventh Circuit, Solantic, LLC

3

v. City of Neptune Beach, 410 F.3d 1250 (11th Cir. 2005). In Solantic, the plaintiff, an operator of medical care facilities, challenged the City's code requirement which prohibited signs with "visible movement achieved by electrical, electronic or mechanical means" with certain exceptions.[1] Id. at 1255. The district court denied the plaintiff's motion for preliminary injunction concluding that the plaintiff was unlikely to succeed on the merits. Id. at 1254. The Eleventh Circuit reversed the district Court's denial of a preliminary injunction and held that the City's code violated the First Amendment.

The case here is clearly distinguishable from the facts of Solantic. In Solantic, the City's code had multiple exemptions that the Eleventh Circuit found to be subject to a strict scrutiny review. Id. at 1268. In making that determination, the Eleventh Circuit specifically noted that it found the Central Hudson Test inapplicable because the City's code applied "without distinction to signs bearing commercial and noncommercial messages." Id. at 1269 n. 15. The Supreme Court has stated that when speech that is related solely to the economic interests of the speaker and its audience, it is considered commercial speech. Central Hudson, 447 U.S. at 563. Unlike Solantic, this case does not involve the regulation of both commercial and noncommercial speech. Section 226.531 is clearly directed at the regulation of commercial speech in the form of billboards and exterior advertising. As a result, this Court has concluded that the application of the Central Hudson test is appropriate in this case.

Because there are no new facts, let alone new disputed facts, to be considered that have any bearing on the matters at issue, the Court finds no reason to revisit an issue which it has already decided

---

[1] The exemptions to the requirements of the City's Code in Solantic were: (1) flags and insignia of government, religious, charitable organizations; (2) government identification signs and information signs; (3) traffic and parking signs for private property; (4) holiday lights and decorations; (5) memorial signs on buildings; (6) signs incorporated into machinery advertising the services of the machine; and (7) religious displays. Solantic, 410 F.3d at 1257.

as a matter of law. Accordingly, Plaintiffs' motion for summary judgment is DENIED and Defendant's motion for summary judgment is GRANTED.

**IT IS SO ORDERED**.

                                                /s/ Gary A. Fenner
                                                GARY A. FENNER, JUDGE
                                                 United States District Court

DATED:    August 2, 2005